UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,
:
- v. -
:
TELEMAQUE LAVIDAS
:          S1 19 Cr. 716 (DLC)
Defendant.
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# THE GOVERNMENT'S MOTION TO QUASH DEFENDANT TELEMAQUE LAVIDAS'S RULE 17 SUBPOENA TO THE METROPOLITAN CORRECTIONAL CENTER

AUDREY STRAUSS
Attorney for the United States Acting Under
Authority of 28 U.S.C. 515
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Richard Cooper
Daniel Tracer
Assistant United States Attorneys
   *-Of Counsel-*

**PRELIMINARY STATEMENT**

On December 18, 2019, defendant Telemaque Lavidas served a subpoena dated December 17, 2019 (the "Subpoena," attached as Exhibit A), which was issued pursuant to Federal Rule of Criminal Procedure 17 ("Rule 17"), on the Metropolitan Correctional Center ("MCC"). The Subpoena purports to require the MCC to produce the following materials related to ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇ a Government cooperator who is currently in custody (the "Requested Materials"):

> All non-privileged recordings of telephone calls of, emails sent or received by, or disciplinary records of ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and all dates of his transportation to meetings with the US Attorney's Office or FBI.

For the reasons set forth below, the Government, joined by the MCC, moves to quash the Subpoena because the Subpoena does not – as the rules and relevant caselaw require – seek specific, relevant, and admissible evidence. Instead, the Subpoena represents a fishing expedition for inadmissible, collateral impeachment material that is expressly forbidden by the governing rules and applicable case law. Accordingly, the Court should quash the Subpoena.

**BACKGROUND**

The defendant is charged in Indictment S1 19 Cr. 716 (DLC) with conspiracy, securities fraud, and wire fraud in connection with his participation in a scheme to pass material, non-public information about Ariad Pharmaceuticals, Inc., to Georgios Nikas, a close friend and securities trader. Trial is scheduled to being on January 6, 2020.

Cooperating witness ▇▇▇▇▇▇ has been in the MCC since his extradition to the United States in or about May 2019. On or about December 14, 2019, counsel for the defendant requested that the Government search ▇▇▇▇▇▇ emails and calls from the MCC for any *Brady* or

1

*Giglio* materials.  In that request, the defendant posited that because the Government had obtained MCC records related to the defendant, the Government had access to those materials.[1] The defendant further stated that he would seek those materials through a trial subpoena.  On or about December 16, 2019, the Government advised that it did not intend to obtain those materials from the MCC.  First, the Government explained that the Bureau of Prisons (which operates the MCC) is not, and has never been, part of the prosecution team in this matter.  Accordingly, the requested records were not in the Government's possession.  Second, the Government explained that a trial subpoena for materials form the MCC concerning a cooperating witness would be improper under *Nixon* and other authority.

On or about December 18, 2019, counsel for the defendant served the Subpoena on the MCC.  The Subpoena requires the production of the Requested Materials and lists a return date of January 6, 2020.  The MCC provided a copy of the Subpoena to the U.S. Attorney's Office on December 23, 2019.  The MCC joins the Government's instant motion to quash.

---

[1] In the December 14 request, the defendant also accused the Government of improperly serving trial subpoenas "for purely impeachment materials," and subsequently cited, as an example, the Government's November 20, 2019 subpoena to Columbia University.  That accusation is baseless.  The Government subpoenaed records from Columbia University, where the defendant attended university, in order to obtain information that would show, among other things, the defendant's background, education, and sophistication.  That subpoena was not served "for purely impeachment purposes" and its issuance provides no basis for the defendant to improperly use Rule 17 subpoenas.

2

**ARGUMENT**
**THE MATERIAL SOUGHT BY THE SUBPOENA ARE NOT SPECIFIC, RELEVANT, OR ADMISSIBLE, AND THE SUBPOENA SHOULD BE QUASHED**

A. Legal Standard

Discovery in criminal cases is governed by Rule 16, and is not to be conducted through the issuance of subpoenas pursuant to Rule 17.  *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-20 (1951).   Courts have uniformly held that Rule 17 is not a discovery device to be used in criminal cases as a supplement to Rule 16.   *See, e.g., Bowman*, 341 U.S. at 220; *United States v. Fowler*, 932 F.2d 306, 311 (4th Cir. 1991); *United States v. Cuthbertson*, 630 F.2d 139, 144, 146 (3d Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981); *United States v. Murray*, 297 F.2d 812, 821 (2d Cir.), *cert. denied*, 369 U.S. 828 (1962); *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985).   As the Supreme Court has explained, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."   *Bowman*, 341 U.S. at 220.   "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule 16]."   *Cherry*, 876 F. Supp. at 552 (quoting *Cuthbertson*, 630 F.2d at 146).

As a result, a party seeking production of documents under Rule 17(c) must show that the materials sought are (1) relevant, (2) admissible, and (3) specifically identified.   *See United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Brown*, 95 CR. 168 (AGS), 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995) (defendant issuing subpoena "has burden of specifically identifying the materials sought and showing that they are relevant and admissible.").   In *United States v.*

3

*Nixon*, the Supreme Court made clear that Rule 17(c) subpoenas may not be used to conduct a "general fishing expedition."  418 U.S. at 700 (internal quotation marks omitted).  Rather, Rule 17(c) permits a defendant to subpoena only those documents or materials that have evidentiary value.  *Bowman*, 341 U.S. at 221; *see also United States v. Barnes*, 560 Fed. App'x 36, 39 (2d Cir. 2014) ("Rule 17 subpoenas are properly used to obtain admissible evidence, not as a substitute for discovery.").

In addition, courts have repeatedly held that a Rule 17(c) subpoena should not be used to obtain impeachment material –including prison records for Government cooperators – prior to trial.  *See, e.g., Nixon*, 418 U.S. at 701 ("[g]enerally the need for evidence to impeach witnesses is insufficient to require its production in advance of trial") (citations omitted); *United States v. Jones*, 17 Cr. 791 (LAK) (S.D.N.Y. Nov. 25, 2019) (ECF Dkt. No. 99) (quashing Rule 17 subpoena for prison records of government cooperators); *United States v. Percoco*, 16 Cr. 776 (VEC) (S.D.N.Y. June 14, 2018) (ECF Dkt. No. 725) (same); *United States v. Nektalov*, 03 CR. 828 (PKL), 2004 WL 1574721, at *2 (S.D.N.Y July 14, 2004); *United States v. Jasper*, 00 CR. 825 (PKL), 2003 WL 1107526, at *2 (S.D.N.Y. Mar. 13, 2003); *United States v. Coriaty*, 99 Cr.1251 (DAB), 2000 WL 1099920, at *7 (S.D.N.Y. Aug. 7, 2000); *Cherry*, 876 F. Supp. at 552 (citing *United States v. Hughes*, 895 F.2d 1135, 1145-46 (6th Cir. 1990)); *United States v. Iozia,* 13 F.R.D. 335, 340 (S.D.N.Y. 1952)   (Rule 17(c) cannot be used "to require in advance of trial, and in preparation for trial, a disclosure to the defendant of information which may tend to impeach persons the Government may or may not call as witnesses").

B. Argument

The Subpoena should be quashed as an improper fishing expedition for potential impeachment materials. Through discovery and motion practice, the Government has advised the defendant that it intends to call ▮▮▮ as a witness at trial. Given the nature of the defendant's requests, the only conceivable reason for the Subpoena is to obtain materials that could be used to impeach ▮▮▮. In fact, in his December 14 request for the MCC records, the defendant specifically linked that request to actions that the defendant believed the Government was taking to obtain impeachment materials. In short, the defendant's request should be denied because, by its own terms, it is an improper request for impeach materials.

Indeed, the Subpoena fails each prong of *Nixon*: none of the materials requested in the Subpoena is relevant, admissible, or specific. The defendant asks for *all* calls, emails, or disciplinary records, without any effort to limit the requests to materials that might be relevant to the case or otherwise limit the request by individuals or time. This glaring lack of specificity alone merits quashing the Subpoena. Moreover, given this lack of specificity, it is obvious that the broad request in the Subpoena would sweep in records that are neither relevant nor admissible. For example, the request would include calls or emails between ▮▮▮ and his family members, including ▮▮▮ that are irrelevant to this criminal case. Finally, the Requested Materials are not likely to be admissible. They will consist entirely of out-of-court statements that are inadmissible hearsay. Accordingly, the Subpoena fails to comply with all of the requirements of *Nixon* and should be quashed.

As noted above, in comparable circumstances, courts have quashed similar Rule 17(c) subpoenas directed to the MCC and the Metropolitan Detention Center in Brooklyn. *See, e.g.*,

5

*Jones*, 17 Cr. 791 (LAK); *Percoco*, 16 Cr. 776 (VEC); *see also United States v. DiPietro*, No. S502 Cr. 1237 (SWK), 2005 WL 1279222, *1 (S.D.N.Y. May 26, 2005) (quashing a subpoena seeking from the MDC and MCC all telephone calls and visitor records of certain incarcerated witnesses, holding that such material "go[es] far beyond the bounds of permissible discovery in a criminal case."); *United States v. Hutchinson*, No. 97 Cr. 1146, 1998 WL 1029228, at *2 (E.D.N.Y. Dec. 23, 1998) (quashing a subpoena directed to the MDC requesting all telephone calls of a Government witness because "the defendant [could not] 'reasonably specify the information contained or believed to be contained' in the tape recorded conversations of the potential witness . . . . '[T]his is a sure sign that the subpoena is being misused.'" (quoting *United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D.Fl. 1991)).[2]   In sum, it is well-settled that the defendant may not serve a subpoena in order to circumvent the discovery rules in the mere hope that it might uncover tangential impeachment evidence against a witness at trial. Accordingly, the Subpoena should be quashed.

---

[2] Furthermore, complying with the Subpoena would be unduly burdensome at this stage in the proceedings, with trial only days away.  Rule 17(c)(2) provides that "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."  Here, the Subpoena requests the production of all telephone calls and emails by ▬▬▬▬ since his incarceration approximately seven months ago.  The Government does not have this material in its possession, and has not reviewed this material.  In light of the nature of the defendant's request, and the fact that trial in this case is scheduled to begin on January 6, 2020, compliance with the Subpoena would be unreasonable and oppressive.  *See, e.g., Hutchinson*, 1998 WL 1029228, at *2.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully submits that the Court should quash the Subpoena.

Dated: New York, New York
December 24, 2019

                                  Respectfully submitted,

                                  AUDREY STRAUSS
                                  Attorney for the United States Acting Under
                                  Authority of 28 U.S.C. 515
                                  Southern District of New York

By:    /s/
                                  Richard Cooper / Daniel Tracer
                                  Assistant United States Attorneys
                                  (212) 637-1027/2329