**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 6, 2020

Honorable Denise Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    **Re:**    **United States v. Telemaque Lavidas,**
                 **S1 19 Cr. 716 (DLC)**

Dear Judge Cote:

    Based on the contents of defense counsel's opening statement, the Government respectfully requests a ruling *in limine* precluding the defense from introducing evidence about investigative techniques that the Government employed during the course of the investigation. As set forth below, such evidence improperly suggests that the jury shift its attention from the charges against the defendant to the conduct of the investigation, and is irrelevant and misleading.

**1. Background**

    In opening statements, defense counsel on two separate occasions engaged in a recitation of the Government's investigation and the various investigative steps that have been taken with respect both to this defendant and other individuals. For example, defense counsel said:

> The third thing is that you are going to learn that the government gathered millions and millions of e-mails and text messages and electronic devices, phones and computers and all kinds of evidence from this huge network of people who were engaging in insider trading – from Demane, from Nikas, from their whole network. And you are also going to learn that they gathered e-mails, and phones, and computers and all kinds of other evidence from Mr. Lavidas.

(Tr. 32). Later in his opening, defense counsel returned to the same topic:

> The third thing that I mentioned is that the government has been investigating this case for years. They have collected millions of e-mails and text messages. And they have collected Mr. Lavidas's phones, his iPad, his computer, his documents. They have collected a long list of phones, computers, disc drives from Mr. Nikas. They collected a long list of those same things from Mr. Demane. And they

> collected those same things secretly, for years, from Google and other companies where their e-mail accounts were.

(Tr. 43).

## 2. Applicable Law

Courts routinely bar attempts to shift the focus of criminal trials from the charges against a defendant to the conduct of the investigation, under Federal Rules of Evidence 401 and 403. *See, e.g.*, *United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997); *United States* v. *Reese*, 933 F. Supp. 2d 579, 583-84 (S.D.N.Y. 2013) ("a defendant 'may not argue before the jury issues relating to the overall propriety of the Government's investigation in this case.'" (quoting *United States v. Demosthene,* 334 F.Supp.2d 378, 380 (S.D.N.Y.2004)); *United States v. Ortiz*, 367 F. Supp. 2d 536, 547-48 (S.D.N.Y. 2005) (holding that defendant's rights were not violated by refusal to grant an adjournment so he could develop defense that he had been setup by police since any evidence supporting the theory would have been inadmissible under Rule 403 anyway). In particular, a defendant's allegation that the investigation was in some way defective does not make the alleged deficiency relevant, absent some connection between the claimed deficiency and the evidence of the charges. As the Tenth Circuit has explained:

> Admittedly, the quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant. . . . However, in [the defendant's] case, he failed to establish the requisite connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial. . . . To have allowed [the defendant] to put the government on trial . . . would inevitably divert the jury's attention from the issues of the trial.

*United States* v. *McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) (internal citations omitted) (commending the trial judge for "keeping the focus of the trial upon the issues properly before the jury"), *abrogated in part on other grounds by Hooks* v. *Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999); *see also United States* v. *Cordova*, 157 F.3d 587, 594 (8th Cir. 1998) (upholding trial court's exclusion of exploration of the quality of the investigation, as such inquiry would be "time-consuming and of little relevance"; issue is whether "the government's witnesses were truthful and whether their testimony was sufficient to convict"); *United States* v. *Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (upholding district court's refusal to allow defense to attack government's investigation as "sloppy" because the jury's role was not to pass on the government's investigation).

## 3. Discussion

Defense counsel's remarks represented an inappropriate attempt to put the Government investigation on trial, and suggest to the jury that instead of simply weighing the evidence that will be put before it, it instead should weigh the evidence in light of the various investigative steps that were taken. This is improper. The issue for the jury to determine is to consider the evidence, or lack of evidence, before it and render a verdict based on the applicable law.

Whether the Government took certain investigative steps, or whether the overall investigation lasted for years, months, or something in between, is simply irrelevant to any issue that is properly before the jury. Moreover, it is misleading and confusing to the jury for the defense to introduce evidence about investigative techniques that were deployed in a years-long investigation that related to a number of subjects, and then compare those techniques to the evidence that will be offered at trial against this defendant—only one of those subjects.

To the extent there is an appropriate foundation, the defense of course can make arguments to the jury that the Government has not presented certain pieces of evidence such as recorded phone calls where the defendant is passing inside information. Indeed, defense counsel has also previewed such arguments. (*See, e.g.*, Tr. at 32 ("And what you're going to find out is that there is not a single . . . recorded phone call or communication of any kind that so much as suggests or even hints that Mr. Lavidas was passing inside information to Nikas or to Demane or to anybody else")). But what the defense has already suggested in opening statements goes far beyond those arguments and is an invitation to the jury to evaluate the number of search warrants, subpoenas, interviews, and other investigative steps undertaken by the Government—a topic that bears not at all on the defendant's guilt.

Accordingly, the Government respectfully requests that the Court preclude the defendant from introducing evidence about investigative techniques that the Government employed during the course of the investigation.

    Respectfully submitted,

    AUDREY STRAUSS
    Attorney for the United States, Acting Under
    Authority Conferred by 28 U.S.C. § 515.


by:   /s/                 
    Richard Cooper/Daniel Tracer
    Assistant United States Attorneys
    (212) 637-1027/2329

cc:     Defense counsel (by ECF)